JS-6

ANDRÉ BIROTTE JR.
United States Attorney
ROBERT E. DUGDALE
Assistant United States Attorney
Chief, Criminal Division
STEVEN R. WELK
Assistant United States Attorney
Chief, Asset Forfeiture Section
KATHARINE SCHONBACHLER
Assistant United States Attorney
Asset Forfeiture Section
California Bar No. 222875
   Federal Courthouse, 14th Floor
   312 North Spring Street
   Los Angeles, California 90012
   Telephone:  (213) 894-3172
   Facsimile:  (213) 894-7177
   E-mail: Katie.Schonbachler@usdoj.gov

Attorneys for Plaintiff
United States of America

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | NO.  CV 05-4896 GAF (JWJx) |
| Plaintiff, | |
| vs. | **CONSENT JUDGMENT OF FORFEITURE** |
| ONE TE SYSTEMS RF POWER AMPLIFIER, ET AL., | |
| Defendants. | |
| JACK GERRITSEN, | |
| Claimant. | |

/ / /

/ / /

This action was filed on July 5, 2005.  Notice was given and published in accordance with law.  Jack Gerritsen, who is pro se ("claimant"), filed a statement of interest and verified answer on September 21, 2005.  No other statements of interest or answers have been filed, and the time for filing such statements and answers has expired.  This matter has been stayed by the court since December 6, 2005. Plaintiff and claimant have reached an agreement that is dispositive of the action.  The parties hereby request that the Court enter this Consent Judgment of Forfeiture.

The parties have agreed to settle this forfeiture action and to avoid further litigation.

**WHEREFORE, IT IS ORDERED, ADJUDGED AND DECREED:**

1. This court has jurisdiction over the parties and the subject matter of this action.
2. Notice of this action has been given in accordance with law. All potential claimants to the defendants One TE Systems RF Power Amplifier, One Kenwood TM-G707A Dual Bander Radio, serial number 60100221, One Yeasu FT-3000M Transceiver, One VHF Antenna, including coaxial cable, and One Diamond X5A UHF Antenna (collectively referred to hereafter as "the defendant equipment") other than claimant are deemed to have

|   |   |   |
|---|---|---|
| 1 |   | admitted the allegations of the Complaint.  The |
| 2 |   | allegations set out in the Complaint are sufficient to |
| 3 |   | establish a basis for forfeiture. |
| 4 | 3. | In the related criminal case, <u>United States v. Jack</u> |
| 5 |   | <u>Gerritsen</u>, Case No. CR 05-466 RGK, claimant was |
| 6 |   | convicted of violations of 18 U.S.C. § 1362 (malicious |
| 7 |   | interference with radio system operated or controlled |
| 8 |   | by the United States), 47 U.S.C. §§ 333 and 561 |
| 9 |   | (willful and malicious interference with radio |
| 10 |   | communications), and 47 U.S.C. §§ 301 and 501 |
| 11 |   | (transmitting radio signals without a license).  The |
| 12 |   | Judgment and Probation/Commitment Order in that matter |
| 13 |   | included the condition that claimant shall not own, |
| 14 |   | possess, or use any radio equipment from which |
| 15 |   | broadcasts can be made by the claimant. |
| 16 | 4. | The United States of America agrees that claimant may |
| 17 |   | designate one individual to whom the United States of |
| 18 |   | America shall release the defendant equipment. |
| 19 |   | Claimant agrees that he will not thereafter own, |
| 20 |   | possess or use the defendant equipment at anytime. |
| 21 | 5. | Following entry of this Judgment, claimant shall |
| 22 |   | provide the United States of America with written |
| 23 |   | confirmation that the designated individual has |

received a copy of the Judgment and provide the designated individual's name, signature, address and telephone number.  Within thirty (30) days of receipt of claimant's written confirmation, the United States of America shall release the defendant equipment to the designated individual.  Claimant understands that if he is found to be in possession of, or is found to have used the defendant equipment, said equipment shall be forfeited to the United States of America without further Order of the Court.

6. Claimant hereby releases the United States of America, it agencies, agents, and officers, including employees and agents of the Federal Communications Commission, from any and all claims, actions or liabilities arising out of or related to this action, including, without limitation, any claim for attorney's fees, costs or interest which may be asserted on behalf of the claimant.

7. Plaintiff United States of America agrees that it will not seek to recover civil sanctions, attorney's fees or costs in connection with this action or the underlying seizure.

8.   The Court finds that there was reasonable cause for the seizure of the defendant equipment and institution of these proceedings. This judgment shall be construed as a certificate of reasonable cause pursuant to 28 U.S.C. § 2465.

Dated: May 16, 2012

_____
THE HONORABLE GARY A. FEESS
UNITED STATES DISTRICT JUDGE

**Approved as to form and content:**

DATED: May 15, 2012     ANDRÉ BIROTTE JR.
                        United States Attorney
                        ROBERT E. DUGDALE
                        Assistant United States Attorney
                        Chief, Criminal Division
                        STEVEN R. WELK
                        Assistant United States Attorney
                        Chief, Asset Forfeiture Section

                             /s/
                        _____
                        KATHARINE SCHONBACHLER
                        Assistant United States Attorney

                        Attorneys for Plaintiff
                        United States of America

DATED: April 22, 2012


                             /s/
                        _____
                        JACK GERRITSEN
                        Pro Se Claimant

5